The next case this morning is 523-0047, People v. Mariacher. Arguing for the appellant is Stephen Gentry. Arguing for the appellee is Max Miller. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk of the court is permitted to record these proceedings today.  Stephen Gentry Good morning, Your Honor. May it please the court. The trial court erred at sentencing in this case, considering a factor inherent in the offense as an aggravating factor, and in failing to consider strong provocation as a mitigating factor despite uncontradicted evidence of provocation. The court also failed to seriously consider other mitigating factors. This court should find that the trial court abused its discretion and either reduce the Jacob Mariacher was only 21 years old at the time of the incident giving rise to this case. He took responsibility and pled guilty to aggravated battery with a firearm, a Class X felony, for the range of 6 to 30 years. Despite taking responsibility with the plea, despite it being his first prison sentence, and despite the presence of significant mitigation, the court imposed a sentence of 20 years well into the high end of the range, more than three times the minimum. This was an abuse of discretion. First, the court erred at sentencing when it considered Jacob's possession and use of a firearm to be significantly aggravating when it was already inherent in the offense of aggravated battery with a firearm. Although the court sought to present its consideration of this factor under the banner of deterrence, the court's comments make it clear that it found nothing specific to the case that makes deterrence applicable other than the firearm element. The circumstance surrounding the incident that gave rise to this case does not appear to be one that would be likely to be subject to deterrence, where it involved a confrontation unplanned by Jacob and initiated by the victim after a falling out between two young roommates who had previously become friends while homeless teenagers. It's not the case of a person setting out to commit a crime upon the public with a gun. Mr. Gentry, your client had a gun and what he was doing with it is subject to question, correct? He certainly did have a gun, Your Honor, but it's not a case where a premeditated crime occurred associated with his possession of the gun. He was trying to actually get away from the victim in this case. They had been roommates and he had moved out the previous night and then his roommate had gone out to find him and confronted him in the street, throwing his bike down in front of him to prevent the vehicle from moving, and then approached the car and reached for the gun or my client discharged the gun. So, yes, he did have a gun and certainly there are dangers in having that and he took responsibility for his actions here, but be that as it may, the court was in abusing its discretion in considering the firearm element to be aggravating when it was already inherent in the offense. And second of all, as I was describing, the facts surrounding this case indicate that strong provocation was a factor that the court should have considered. It was the testimony of the victim himself that he had approached the vehicle angrily, that he had thrown his bike down to prevent them from being able to move, and also that he had made an effort to reach towards the gun before it was discharged. But didn't the victim say he didn't really think that your client would shoot him and that's why he reached for the gun? Well, that may be so, your honor, but that doesn't change the fact that there was a mutual quarrel between these two individuals. They had been roommates, there had been accusations going back and forth about theft, and my client decided to remove himself from the situation. He moved out from the home and the victim in this case pursued him. So, he may not have thought that this would my client thought that something like this would happen. It was a heat of the moment situation as this, you know, relationship was transitioning to where they were no longer living together. Was there any evidence that the victim had a weapon of any kind? Your honor, the victim did testify that he had previously handled this very Any evidence that the victim had a gun or weapon? No, your honor, and that's why my client didn't go forward with some sort of self-defense approach. Rather, instead, he took responsibility for what was a heat of the moment overreaction. And so, the answer is no, that the victim did not have a firearm at the time of this incident. But the court was in error in not considering this mutual quarrel as a mitigating factor. In addition to these two specific errors, considering an element of the offense as an aggravating factor and the failure to consider strong provocation as a mitigating factor, the court's order that Jacob served more than three times the minimum sentence and the court's failure to appreciate the mitigating nature of Jacob's young age, which the court mentioned only dismissively, so as to, I suppose, explain away that there were not more prior crimes in his background. It was merely the one abetting possession of a stolen automobile. The court also was in error in dismissing Jacob's history of abuse, his family instability, his untreated drug abuse, his acceptance of responsibility and regret for his actions, and his strong family support, which the court minimized here by understating the number of letters submitted in the support. All of these factors are indicative of Jacob's strong prospects for enormous financial burden of incarceration on the public. Contrary to the court's statement that this was not a huge factor, the public's financial burden here is significantly greater than it would be with a shorter sentence. For these reasons and for those argued in the briefs where the record does not show that the court's errors were insignificant, under both prongs of counsel, Jacob Mariachi respectfully requests that this court set aside a sentence and either impose a sentence closer to the minimum or remand this case for a new sentencing hearing. There are no further questions. I'll wait for rebuttal. Justice Welsh, questions? No questions. Okay, Mr. Gentry, we'll hear from Mr. Miller and you'll have some rebuttal time. Mr. Miller? May it please the court, counsel, my name is Max Miller and I represent the people of the state of Illinois. Excuse me. A defendant first argues that the trial court improperly considered this possession and use of a firearm. Defendant concedes that this is a plain error review, but as this court knows, you know, before we get to plain error, we look at was there even an error in this case. The trial court may consider as an aggravating factor the manner in which a victim's as well as the serious nature and circumstances of the offense. So while the trial court could not properly focus on the result of this possession and use of a firearm per se, it can consider the degree of harm, emotional, physical caused by that conduct. And it's appropriate for the trial court to consider an aggravation, the threat of harm to the general public. Defendant's argument relies on the following statement by the trial court, obviously I want to impose a sentence in this case that not only punishes the defendant, but also I want a message sent to the community. We're not a community that has a lot of gun violence. We've had more in the last five years. We've probably had, you know, it's getting a little worse, but we're not Chicago. We don't have routine gun violence in this community. And obviously we don't want there to be gun violence in this community. So part of the sentence today is a bigger picture than just defendant. It's trying to do something. Others hopefully will pay attention to the sentence and think twice about the use of firearms in this community to solve problems. So I would find that the factor is significantly aggravating in particular case. So that's the part of the sentencing pronouncement that defendant is really challenging. And defendant argues that this is a clear showing that the court found it to be significantly aggravating. But the state would point out this is after, you know, prior statements by the trial court where the court said, quote, the other factor the court finds relevant is A7, which is the sentence is necessary to deter others from committing the same crime. Every time I've sentenced anybody, whether it's for a driving offense to a shooting offense or a murder case, this factor always applies, right? Because in determining an appropriate sentence, I have to consider defendant and I have to consider the facts of this particular case, et cetera, et cetera. Of course, whether the sentence is necessary to deter others from committing the same crime is a statutorily permitted factor in aggravation. Although defendant argues the trial court's comments didn't express any general deterrence objective, the state's position is that, you know, quote that I just read out, you know, belies that. That is certainly the case that the trial court noted. This factor always applies from a driving offense to a shooting offense or a murder case. And it's considering, you know, whether or not it's the effect of gun violence. So without this error, the state's position is the defendant can't even avail himself of plaintiff review. But assuming that this court believes that this was an inappropriate consideration, it's also the state's position, which goes into some detail in this brief, but that the evidence that sentencing was, of course, overwhelming. Specifically, you know, the state notes below that the conduct caused such serious harm as to A.T. The damage inflicted on his face required multiple surgeries, injuries, which still affected defendant at the time of sentencing. This court should note that, you know, the trial court had A.T. in front of them and he still was suffering pain. The threat that followed from the manner of defendant's firearm use in such close proximity to A.T. directed at his face and, you know, the state's talking millimeters away, he would have been dead instead of there to testify. So we're talking about a very serious offense here. A.T. had his mouth wired shut due to surgery. He lost teeth. He has a scar that goes along from his ear to his jawline. All of this basically is just to say that the evidence presented at sentencing when weighed by the trial court was not closely balanced by any means. Further, I just wanted to quickly address the idea of this, you know, being an inappropriately high sentence. Defendant's sentencing ranges between 6 and 30 years. The state recommended 28 years. Defendant requested a sentence of 9. You know, the trial court imposed a sentence of 20 years explaining that, you know, at 85 percent, that's 17 years. And so we're really talking about mid-range sentence for defendant here. This is not what the state's ideal sentence was and it's not what the defendant wanted, but it's, I think, an unfair characterization to say this is a high-end sentence. This was a mid-range sentence. And so the state would just say that because there was no error here and because the sentence was well within the trial court's discretion that this court should affirm on that basis. Moving on to the matter of strong provocation, whether or not the trial court considered this, defendant argues that, you know, the only explanation for the trial court's rejection of this were comments made by a C.A., which they call, this was, sorry, defendant's girlfriend. I refer to her as C.A. as hearsay testimony. But the state's first position is that this was not, none of these statements were objected to at sentencing. So this issue should be considered forfeited. And it would rely on the strength of the evidence in the case for this court in that manner. But if this court were to look at it, the state would just emphasize that the evidentiary standards at sentencing are much lower that, you know, as they say in People v. Jackson, it's virtually without bounds. We're talking about weight versus admissibility and the trial court goes to great detail to say that it noted, you know, defendant's past history and characteristics. There's nothing to indicate that the trial court was dismissive about those things. And so the state would just say that there's nothing inappropriate considered there as well. And finally, with these kind of, you know, the third issue in the case is just kind of a series of things that may have been, that the defendant says were inappropriate. Strong provocation, state thinks that was properly considered and addressed. Failed to consider his youth, defendant acknowledges that the trial court affirmatively, you know, considered the youth in the record, but says that it was a quick, scant mention and a quick rejection. The trial court stated, I do find some things to be mitigating that are not statutory. They're appropriate, I think, for the court to consider. Defendant's age, he's a young person, you know, quite frankly, hasn't had enough time to rack up significant criminal history. He's young. What I impose here is not the end of the story for you, defendant. The state just believes that there's sufficient there to show that this court was that the trial court ignored defendant's history of drug abuse, but the trial court doesn't have any obligation to recite or assign value to every factor presented sentencing. And when this court reviews the sentencing transcript in its entirety, the state believes that it will see a fair consideration of all the factors. And, you know, with, unless this court has any questions, the state would rely on its brief and respectfully request that this court affirm. Mr. Miller, I have one question. With regard to the first issue, the defendant is claiming that because possession and use of a firearm is already inherent in the offense, that it should not be used as a factor in aggravation. Is there any law to support that? I, sure, I would say that, Your Honor, if the trial court had actually considered it as a factor inherent, but the state's position is that that's not what the trial court was doing. What the trial court was doing was considering deterrence in it. And that's, obviously, the defendant's assertion is that, well, it's saying deterrence, but really we're just talking about the use of a firearm. And that's why the state cites two people versus Saldivar, where it says, you know, trial court may not consider a factor inherent in the offense and aggravation, but it's appropriate to consider degree and gravity of the defendant's conduct. And the conduct here is simply that we have the defendant riding around in a car with a gun and whether or not, you know, they're talking about this initial aggressor, which was clearly contested below as a credibility determination by the trial court, but he pulls the gun and he shoots AT in the face who's unarmed and who was not making, there's no, there are no, there were no words exchanged between the two prior to it happening. And there's just, because of the seriousness of that, this spontaneous sort of pulling and the lack of remorse by the defendant, you know, we have statements from CA where she talks about how he told her that, you know, he would happily kill the defendant. And then we have the phone reporting from the jail where he says, you know, I shot him in the face and essentially shows no remorse or anything like that. So it's, it shows, it just portrays defendant much more as this, um, I would say unrepentant, uh, commit, you know, uh, offender. So. Okay. Thank you. Just questions. Justice Welch. No questions. All right. Thank you, Mr. Miller. Um, Mr. Gentry, you have rebuttal for these defendants. Yes. Very briefly, your honor. Thank you. Uh, the state, um, it talks about how the court mentioned that, uh, the deterrence factor always applies. If you look here, the court, uh, made other comments about, uh, firearms, about how we're not in Chicago. And so, yes, if the court considers deterrence in every instance, that's fine, but it's comments here about the had to do with a factor inherent in the offense. And so it is those comments, certainly court made comments that were proper, but those particular comments indicated that it was considering a factor that was improper. Um, with respect to the state saying that it's a mid range sentence, it's 14 years greater than the minimum sentence. It's 10 years less than the maximum sentence. It's definitely in the upper half of the sentencing range. Uh, the state also does not, uh, address, uh, the arguments in the briefs, uh, with respect to the court's improper consideration of reports as, uh, rebuttal evidence in the state's brief. They say that, uh, the court's in a position superior position to consider credibility of witnesses. But in that instance, there were no witnesses. Uh, and so the court, uh, the state rather has, has failed to address the impropriety of the court relying on that report at sentencing. And the state says that the court was not dismissive and yet the very language that, uh, that it quotes or, uh, show otherwise, uh, the court when talking about, uh, the age of my client, certainly the court was that that youth, uh, rendered him more likely to, uh, be rebuilt, rehabilitated. Um, the state suggests that there was some sort of contested evidence with respect to the, uh, strong provocation, although the state says that the court properly considered it, but there was no, uh, contested evidence. The victim, uh, and according to the report, the victim's girlfriend, uh, both said that the bike was thrown in front of the car that the victim had, uh, gone out looking for my client and that he had approached the car angrily. So finally, with respect to these comments about the lack of remorse, my client is remorseful. He regrets what happened. His comments in the court, uh, say as much in the shock of the aftermath of this, he made comments over the phone that, uh, are reflective of his immaturity at the time, certainly, but he is, uh, is remorseful. He expressed that, uh, at sentencing and for all of these reasons, for the reasons in the brief, we ask that this court strongly look at the comments of the court, look at their errors at sentencing and reduce the sentence or man for a new sentence. Thank you. Council was there. Council, was there any evidences to the distance away from his face that the show was fired? And also what kind of weapon was used? Your honor. I don't have the exact, uh, weapon. It isn't, it isn't the record. Um, and it wasn't very close range. Your honor. The victim was trying to reach for the gun. Um, it was certainly within distance that he could do that. The evidence. So I thought I heard was that it was a nine millimeter weapon. Was it a clock or what? Something like that. I'm going to have to defer to the record on that. Your honor. No problem. Any other questions? Just as well. No, no further questions. Just as more. No questions. Okay. Uh, thank you, Mr. Gentry. Thank you, Mr. Miller for your arguments. This matter will be taken under advisement and we will issue an order in due course.